# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 14, 2013

## STATE OF TENNESSEE v. JEFFREY M. FORGUSON

**Appeal from the Circuit Court for Stewart County**
**No. 4-2101-CR-09        George C. Sexton, Judge**

---

**No. M2013-00257-CCA-R3-CD - Filed February 18, 2014**

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the majority opinion in this case and only write separately to respectfully comment about the issue of the trial judge's Facebook "friendship" with the confidential informant in this case.

I agree that the issue is of no avail to the defendant. First of all, the matter of recusal of the trial court was not properly raised according to Tennessee Supreme Court Rule 10B, section 1. *See* Tenn. Sup. Ct. R. 10B § 1.01 ("The motion [to disqualify] shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."). In the present case, the issue was raised via an unsworn claim made in the amended motion for new trial filed on December 12, 2012. This rule became effective on July 1, 2012, and the issue was not presented to the trial court until December 14, 2012. Second, the defendant did not establish with specificity the factual grounds for disqualification as required by section 1.01. *See id.* ("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."). Although the trial judge admitted he and the confidential informant were Facebook "friends," this latter flaw is significant because the State challenged the supporting factual grounds by claiming that the details and timing of the Facebook relationship were not shown by the defendant. Given the requirements of the rule and the method in which the issue was raised, I conclude that the issue was not properly postured for review by this court.

That said, however, the opinion in my view should not stand for the proposition that a judge's Facebook relationship with a litigant or a key witness for a litigant poses no ground for disqualification. I accept and agree with the trial judge's commentary that one cannot reasonably expect a trial judge living in a small community to recuse himself or herself because he or she is acquainted with a litigant or a key witness. When a judge shares a Facebook "friendship" with such a person, however, the aggrieved party may be able to show that this "social media" relationship is more active, regular, or intimate than mere incidental community propinquity might suggest. For instance, how intentional is the relationship? Who initiated it and when? How do the participants use the medium? What type of information is shared? What is the frequency of the communications? Certainly, I could envision a properly presented Rule 10B motion that, upon proof, evinces at least an appearance of impropriety. *See* Tenn. Sup. Ct. R. 10 §1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."). For instance, as in the present case, the judge's familiarity with the Facebook "friend" may indicate his or her awareness of the "friend's" conflict with the criminal justice system.

Strides in technology present various unprecedented challenges to the procedures and methods of the justice system. This case may well suggest another such challenge, and the perils should be heeded.

_____

JAMES CURWOOD WITT, JR., JUDGE